**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**JEANNETTE C. MARTIN,**

                           **Plaintiff,**

                **v.**

**No. 5:06-CV-720
(GLS/DEP)**

**COMMISSIONER OF SOCIAL
SECURITY,**

                          **Defendant.**

**APPEARANCES:**         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Olinsky, Shurtliff Law Firm         JAYA SHURTLIFF, ESQ.
300 S. State Street
5th Floor
Syracuse, NY 13202

**FOR THE DEFENDANT:**

HON. ANDREW T. BAXTER         MARIA P. FRAGASSI SANTANGELO
Acting United States Attorney    Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Pursuant to 42 U.S.C. § 405(g), Jeannette Martin ("Martin") challenges the denial of disability benefits by the Commissioner of Social Security. Martin's objection to Magistrate Judge David E. Peebles' Report and Recommendation is pending. (See Dkt. No. 15.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report and Recommendation in its entirety.[1]

## II. Procedural History

On June 18, 2002, Martin applied for Social Security Disability Insurance Benefits claiming she had been disabled since September 4, 1999 due to an injury she sustained to her left shoulder. Martin's application was denied, and a hearing was conducted by an Administrative Law Judge ("ALJ"). On August 12, 2004, the ALJ issued a decision denying benefits. On April 21, 2006, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Martin's

---

[1] The Clerk is directed to append Judge Peebles' Report and Recommendation to this decision, and familiarity is presumed. (See Dkt. No. 14.)

request for review.  Martin then sought judicial review of the denial of his disability benefits.  (See Dkt. No. 1.)  On May 28, 2008, Magistrate Judge David E. Peebles issued a report recommending affirmance of the Commissioner's decision.  (See Dkt. No. 14.)  On June 11, 2008, Martin objected to Magistrate Peebles' Report and Recommendation.  (See Dkt. No. 15.)

### III.  Standard of Review

By statute and rule, district courts are authorized to refer social security petitions to magistrate judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A) & (B); N.D.N.Y. R. 40.1, 72.3(d); General Order #18.

After the magistrate judge enters a Report and Recommendation, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  The local rules further require that the objections must specify the findings and recommendations which are the subject of the objections, and the substantive basis for these objections.  *See* N.D.N.Y. R. 72.1(c).

3

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). "*De novo* review requires that the court give fresh consideration to those issues to which specific objections have been made. It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *See Almonte v. New York State Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *5 (N.D.N.Y. Jan. 18, 2006) (citation and internal quotation marks omitted).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review. *See id.* at *3 . Although failure to object or timely object constitutes procedural default, lack of specificity also gives rise to default. *See id.* at *4. The local rule requires that objections address specific findings and conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers

4

and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default.  *See id.*

While a procedural default dissolves a party's right to judicial review, courts may nevertheless elect to conduct such a review.  *Id.* at *5.  This court has consistently done so under "a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights."  *Id.* at *6.

## IV. Discussion[2]

Martin raises two objections to Magistrate Judge Peebles' Report and Recommendation.  First, Martin contends the vocational expert's testimony did not constitute substantial evidence in support of the ALJ's finding that Martin could perform other jobs.  Martin specifically asserts Magistrate Judge Peebles erred in concluding that a conflict did not exist between the vocational expert's testimony regarding the existing jobs compatible with Martin's limitations and the requirements of those jobs under the Dictionary of Occupational Titles ("DOT").  The court disagrees.  As Magistrate Judge

---

[2]The court adopts the factual summary in Magistrate Judge Peebles' Report and Recommendation.  (See Dkt. No. 14).

Peebles noted, plaintiff does not specifically point to any explicit conflict between the testimony of the vocational expert and the DOT.  Rather, Martin contends a conflict exists simply because the DOT does not specify whether or not three of the four jobs that were identified by the vocational expert as compatible with Martin's limitations could be performed using only one arm (Martin's main limitation).[3]  However, "expert [testimony] and the [DOT] conflict where they disagree[] in categorizing or describing the requirements of a job as it is performed in the national economy."  *See Jasinski v. Barnhart,* 341 F.3d 182, 184 (2d Cir. 2003) (citations omitted).  The DOT's mere failure to mention every single characteristic of Martin's limitations in every job available for her does not constitute disagreement.  *See Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir 1995) ("The DOT itself states that it is not comprehensive, but provides only occupational information on jobs as they have been found to occur, but they may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities." (citing DOT at Xiii and *Barker v. Shalala,* 40 F.3d 789, 795 (6th Cir. 1994)); *see also Cline v. Charter,* 82

---

[3]Martin makes this argument only with respect to the positions of telephone solicitor, information clerk, and order clerk.  Martin does not allege any conflict with respect to the job of surveillance system monitor also identified by the vocational expert.

6

F.3d 409 at *4 (4th Cir. 1996); *Carey v. Apfel,* 230 F.3d 131, 145 (5th Cir. 2000). Moreover, Martin's counsel had an opportunity to object or cross-examine the vocational expert regarding any alleged conflict, but chose not to do it.

Insisting on finding error, Martin asserts the ALJ should have asked the vocational expert whether her testimony was consistent or conflicted with the DOT. However, the ALJ's failure to inquire whether or not a conflict existed was harmless simply because Martin failed to assert any conflict between the DOT and vocational expert testimony that indicated the existence of a job as a surveillance system monitor which Martin could perform. As Magistrate Judge Peebles correctly notes, the finding of one job is sufficient to show that the Commissioner demonstrated there is other work that Martin could perform. 20 C.F.R. § 416.966 (b) (stating, "Work exists in the national economy when there is a significant number of jobs in one or more occupations . . ." (parenthesis omitted and emphasis added)). Here, Martin's claim that the vocational expert's testimony did not constitute substantial evidence supporting the ALJ's finding that other work existed for her is meritless.

Second, Martin contends the ALJ erred in relying on the Medical-

7

Vocational Guidelines ("the grids"), 20 C.F.R. pt. 404, Subpt. P, App. 2, pertaining to light work because the definition of light work exceeds Martin's Residual Functional Capacity (RFC) for lifting/carrying as determined by the ALJ.  However, the ALJ, recognizing and emphasizing Martin's exertional and non-exertional limitations, asked the vocational expert whether there were other jobs in the national economy that Martin could perform.  Based on Martin's limitations, the vocational expert identified four sedentary jobs Martin could perform.  Thus, the ALJ, recognizing Martin's non-exertional limitations could significantly limit the work permitted by her exertional limitations, properly elicited testimony from the vocational expert.  *See Bapp v. Bowen,* 802 F.2d 601, 606 (2d Cir. 1986) (stating, "If nonexertional limitations significantly diminish [claimant's] ability to perform the full range of 'light work', then the ALJ should require the Secretary to present either the testimony of a vocational expert or other similar evidence regarding the existence of jobs in the national economy for an individual with claimant's limitations.").  Based on the ALJ's determination of Martin's RFC, which is supported by substantial evidence, his reliance on the vocational expert's testimony was proper in demonstrating the existence of other work that Martin could perform.

8

Accordingly, Martin's objection with respect to this issue is meritless as well.

## V.  Conclusion

Having addressed Martin's specific objections de novo, and otherwise finding no clear error in the proceedings below, the court accepts and adopts Judge Peebles' Report and Recommendation in its entirety, for the reasons stated therein and above.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's motion for judgment on the pleadings is **DENIED**; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED**, and plaintiff's complaint **DISMISSED** in all respects; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: October 30, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge